# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| The United States of America,<br>　　Plaintiff<br>v.<br>Robert Arthur Bates,<br>　　Defendant | 2:99-cr-8-JAD-CWH-1<br><br>**Order Denying Motion to Vacate Sentence**<br><br>[ECF No. 97] |

Federal inmate Robert Bates was convicted of one count of federal bank robbery under 18 U.S.C. § 2113(a), one count of carjacking under 18 U.S.C. § 2119, and one count of violating 18 U.S.C.§ 924(c), which imposes a mandatory minimum sentence for using a firearm during a crime of violence. Bates received a 210-month sentence for the bank robbery, a 180-month concurrent sentence for the carjacking, plus an additional 84 months for the § 924(c) count. Bates contends that intervening law, particularly *Johnson v. United States*[1]—in which the Supreme Court struck down the residual clause of the Armed Career Criminal Act's crime-of-violence sentencing enhancement as unconstitutional—renders his § 924(c) conviction and sentence similarly invalid. Because the offense that triggered Bates's § 924(c) enhancement was federal carjacking, which qualifies as a crime of violence under 924(c)'s force clause regardless of the continued viability of 924(c)'s residual clause after *Johnson*, I deny his motion.

## Background

In 1998, Bates was indicted for kidnapping a janitorial crew from their home, bringing them to a bank they cleaned, and then forcing them at gunpoint to setup a trap for an armored car so that Bates and his codefendants could rob it. When the armored car arrived at the bank, Bates and his codefendants ambushed the guards, shot one of them, then stole more than $1 million dollars.[2] Bates

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

[2] ECF No. 1.

Page 1 of 7

pled guilty to federal bank robbery under 18 U.S.C. § 2113(a), federal carjacking under U.S.C. § 2119, and using a firearm during a crime of violence (the federal carjacking) under 18 U.S.C.§ 924(c).[3]

Section 924(c) criminalizes using or carrying a firearm in relation to a "crime of violence" and imposes mandatory, consecutive minimum sentences. Section 924(c) defines "crime of violence" in two ways. Section 924(c)(3)**(A)**, also known as the statute's "force clause," includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 924(c)(3)**(B)**, known as the "residual clause" of the statute, encompasses any felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In *Johnson v. United States*, the Supreme Court tested the constitutionality of the residual clause of another subsection of § 924—§ 924(e), known as the Armed Career Criminal Act ("ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'"[4] The High Court evaluated the clause's violent-felony definition using the "framework known as the categorical approach," which "assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'"[5] It concluded that "the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates," and held it void for vagueness.[6] In *Welch v. United States*, the Court found that *Johnson*'s holding is a

---

[3] ECF No. 32.

[4] *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[5] *Id*. at 2557 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

[6] *Id*. at 2558.

substantive decision that is retroactive on collateral review.[7]

Bates moves to vacate his sentence under 28 U.S.C. § 2255, arguing that *Johnson* renders his crime-of-violence enhancement under § 924(c) unconstitutional.[8] Even if I were to conclude that 924(c)'s residual clause is unconstitutional under *Johnson*, Bates's motion fails because his federal carjacking conviction qualifies as a crime of violence under section 924(c)'s force clause.

**Discussion**

**A.    Bates's federal carjacking conviction is a crime of violence.**

Section 924(c) enhances a defendant's sentence when a firearm is used during the commission of a "crime of violence." The statute's force clause defines crimes of violence to include felonies that have "as an element the use, attempted use, or threatened use of physical force against the person or property of another."[9] Federal carjacking under 18 U.S.C. § 2119, the statute that Bates was convicted under, prohibits similar conduct: taking a motor vehicle "with the intent to cause death or serious bodily harm . . . from the person or presence of another by force and violence or by intimidation."[10]

Bates first focuses on the latter term, "intimidation," to argue that § 2119 can be violated by merely instilling "fear" in a victim. He concludes that merely instilling fear in a victim does not qualify as a crime of violence under § 924(c), which requires that the defendant "threatened" "use of physical force."

The Ninth Circuit rejected this very argument in *United States v. Selfa* in the context of the

---

[7] *Welch v. United States*, 136 S. Ct. 1257 (2016).

[8] ECF No. 199.

[9] 18 U.S.C. § 924(c)(3)(A).

[10] The statute applies to: "Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so." 18 U.S.C. § 2119.

similarly worded federal bank robbery statute.[11] The court reasoned that "intimidation," read in conjunction with the requirement that the robbery must occur in the victim's presence, meant that the defendant placed his victim not just in fear generally, but fear of "bodily harm"—in other words, a threat of "physical force against" his person.[12]

The Ninth Circuit has also rejected this argument in the context of deciding whether a conviction under the similarly-worded federal robbery statute qualifies as a crime of violence for purposes of § 924(c).[13] And I recently explained at length why that conviction qualifies as a crime of violence under § 924(c)'s force clause: by "placing someone 'in fear of injury' to his person or property," the defendant uses the sort of "physical force" that satisfies § 924(c).[14] Although Bates is right that the Supreme Court has handed down a number of decisions that complicate this area of law, the Ninth Circuit has since affirmed all of these holdings in various unpublished decisions.[15]

And I find no reason to treat federal carjacking any differently than federal robbery or federal bank robbery. Indeed, federal bank robbery and federal carjacking criminalize identical conduct: using "force and violence" or "intimidation" to rob someone.[16] Bates has not persuaded me that "intimidation" means something different in the carjacking statute than it does in the identically-

---

[11] *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (holding that "persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1").

[12] *Id.*

[13] *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016), as amended (June 24, 2016) (holding that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c) by comparing it to federal bank robbery under § 2113(a) and relying on *Selfa*).

[14] *United States v. Smith*, 2016 WL 2901661, at *4 (D. Nev. May 18, 2016) (discussion incorporated herein).

[15] *See, e.g., United States v. Jordan,* 2017 WL 975980, at *1 (9th Cir. Mar. 14, 2017) ("Under our current case law, § 2113(a) bank robbery categorically qualifies as a 'crime of violence' under § 924(c)(3)(A)") (unpublished); *United States v. Steppes*, 651 F. App'x 697, 698 (9th Cir. 2016) (unpublished), *as amended* June 24, 2016; *Howard*, 650 F. App'x at 468.

[16] *See* 18 U.S.C. § 2113(a); 18 U.S.C. § 2119.

worded federal bank robbery statute.[17] And numerous district courts and other circuit courts have held that federal carjacking qualifies as a crime of violence under § 924(c)'s force clause after *Johnson*.[18]

Bates finally argues that federal carjacking can be committed with de minimis force, which is not enough to be "violent force."[19] I agree with the weight of authority that finds this argument "wholly unavailing."[20] Even if there is some theoretical possibility that federal carjacking may be committed with de minimis force—and I am not persuaded there is—Bates must demonstrate that there is "a realistic probability, not a theoretical possibility" that this is so.[21] "To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the [ ] courts in fact did apply the statute in the . . . manner for which he argues."[22] And Bates has not demonstrated a reasonable likelihood

---

[17] One of Bates's primary arguments analogizes federal carjacking to federal bank robbery under 18 U.S.C. § 2113. But that comparison cuts against Bates's argument because the Ninth Circuit has expressly held that a § 2113 conviction categorically qualifies as a crime of violence. *Steppes,* 651 F. App'x at 698.

[18] *See, e.g., United States v. Evans*, 848 F.3d 242, 244 (4th Cir. 2017) ("[T]he carjacking statute 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another'"); *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016) ("[C]arjacking in violation of § 2119 satisfies § 924(c)'s force clause, and that ends the discussion"); *United States v. Sandoval*, 2016 WL 632212, at *4 (D. Nev. Feb. 17, 2016) ("[A] carjacking offense involving the knowing use or threat of force or intimidation provides a sufficient mens rea to fall under the statutory definition of a 'crime of violence'"); *United States v. Newton*, 2017 WL 1105992, at *5 (E.D. Cal. Mar. 23, 2017); *Gray v. United States*, 196 F. Supp. 3d 605, 607–08 (E.D. Va. 2016); *United States v. Davis*, No. 15- 20564, 2015 WL 8311538, at *3 (E.D. Mich. Dec. 9, 2015).

[19] Because federal carjacking qualifies under the more demanding standard set out in *Johnson*, I assume for this order that § 924(c)'s definition of "physical force" requires the force to be "violent."

[20] *United States v. Johnson*, 2016 WL 7223264, at *3 (C.D. Cal. Dec. 12, 2016); *see also United States v. Casas*, 2017 WL 1008109, at *3 (S.D. Cal. Mar. 14, 2017); *United States v. Bailey*, 2016 WL 3381218, at *4-5 (C.D. Cal. June 8, 2016); *United States v. Lenzy*, 2016 WL 1019712, at *3 (N.D. Ga. Feb. 4, 2016); *United States v. Williams*, 179 F. Supp. 3d 141, 151-52 (D. Me. 2016).

[21] *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013) (quotation omitted).

[22] *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

that anyone can be convicted of federal carjacking using de minimis force. He shot someone, so the sort of force he was using is far from de minimis. And Bates does not offer a single case in which someone was convicted of this crime using de minimis force.

In light of this authority, I deny Bates's § 2255 motion.[23] His conviction for federal carjacking under § 2119 qualified—and still qualifies—as a crime of violence under § 924(c)'s force clause, and he was therefore properly convicted and sentenced.

**B.    Certificate of Appealability**

To appeal this order, Bates needs a certificate of appealability from a circuit or district judge.[24] In deciding whether to grant one, I consider if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[25] This standard is "lenient."[26]

Although I have endeavored to be true to the Ninth Circuit guidance in this order, the reality is, when applying the "hopeless tangle" "of inconsistent case law" that makes up the categorical test, reasonable jurists rarely agree on anything.[27] Although I follow the Ninth Circuit's lead in holding that federal carjacking qualifies as a crime of violence, other courts have held similar convictions to not qualify. I thus grant Bates a certificate of appealability.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant's motion to vacate **[ECF No. 97] is DENIED.**

---

[23] The parties also dispute whether Bates is procedurally barred from bringing this § 2255 motion and whether *Johnson* should be extended to § 924(c)'s residual clause. I need not—and do not—reach these questions because Bates's motion fails even if I assume that his challenge is proper and that *Johnson* invalidates § 924(c)'s residual clause.

[24] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

[25] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).

[26] *Hayward v. MarsBates*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

[27] *United States v. Ladwig*, 192 F. Supp. 3d 1153 (E.D. Wash. 2016) (noting that this test "has stymied law clerks and judges alike in a morass of inconsistent case law").

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED**.

Dated this 22nd day of May, 2017

_____
Jennifer A. Dorsey
United States District Judge